United States District Court
Middle District of Florida
Jacksonville Division

**VICTORIA MOBLEY,**

    **Plaintiff,**

v.                                                      **NO. 3:23-cv-513-MMH-LLL**

**CECILIA FANON BIRK,**

    **Defendant.**

_____

### Report and Recommendation

Plaintiff Victoria Mobley, proceeding pro se, filed a complaint against Cecilia Fannon Birk, Esq., court counsel for the Fourth Judicial Circuit Court, docs. 1, 1-1. She also applied to Proceed in District Court Without Prepaying Fees or Costs (Long Form), doc. 2, which I construe as a motion to proceed in forma pauperis.[1] The motion to proceed in forma pauperis has been referred for a report and recommendation regarding a proper resolution. *Id.* For the reasons discussed below, I respectfully

---

[1] Plaintiff filed 17 cases in the Jacksonville Division of the Middle District of Florida between January and August 2023. *See* Case Nos. 3:23-cv-111-HES-MCR; 3:23-cv-112-HES-LLL; 3:23-cv-113-HES-PDB; 3:23-cv-114-BJD-JBT; 3:23-cv-159-HES-MCR; 3:23-cv-160-TJC-JBT; 3:23-cv-328-MMH-LLL; 3:23-cv-378-BJD-JBT; 3:23-cv-379-TJC-LLL; 3:23-cv-513-MMH-LLL; 3:23-cv-514-BJD-LLL; 3:23-cv-516-MMH-MCR; 3:23-cv-517-MMH-PDB; 3:23-cv-518-TJC-LLL; 3:23-cv-519-TJC-PDB; 3:23-cv-946-BJD-LLL; 3:23-cv-995-BJD-LLL. All of the cases that have been evaluated have been dismissed. *See* 3:23-cv-111-HES-MCR; 3:23-cv-113-HES-PDB; 3:23-cv-114-BJD-JBT; 3:23-cv-159-HES-MCR; 3:23-cv-160-TJC-JBT; 3:23-cv-378-BJD-JBT; 3:23-cv-516-MMH-MCR; 3:23-cv-517-MMH-PDB; 3:23-cv-519-TJC-PDB.

recommend plaintiff's motion to proceed in forma pauperis be denied and the complaint dismissed.

## Authority

Under 28 U.S.C. § 1915(a)(1), the Court may authorize plaintiff to proceed without prepayment of fees if she has shown she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). When reviewing a motion to move forward in forma pauperis, however, the Court must also determine whether the complaint: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2)(B). If the Court finds these factors apply, it "shall dismiss the case." *Id.* § 1915(e)(2).

As for whether a complaint "fails to state a claim on which relief can be granted," under section 1915(e)(2)(b), the Court applies the standard used in Federal Rule of Civil Procedure 12(b)(6). *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the complaint must have "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading which contains "labels and conclusions" or a

"formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Twombly*, 550 U.S. at 555).

Pro se pleadings—those filed without a lawyer—are "held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." *Alba*, 517 F.3d at 1252 (citing *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). That said, "a court's duty to liberally construe a plaintiff's complaint . . . is not the equivalent of a duty to re-write it for her." *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993). Further, "[a] litigant's *pro se* status in civil litigation generally will not excuse mistakes [she] makes regarding procedural rules." *Thompson v. U.S. Marine Corp.*, 398 F. App'x 532, 535 (11th Cir. 2010) (citing *McNeil v. United States,* 508 U.S. 106, 113 (1993)). But a pro se plaintiff must typically be given an opportunity to amend her complaint "if 'it appears a more carefully drafted complaint might state a claim upon which relief can be granted even if the plaintiff never seeks leave to amend.'" *Silva v. Bieluch*, 351 F.3d 1045, 1048-49 (11th Cir. 2003) (quoting *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991)).

## Discussion

This action appears to arise from dependency proceeding(s) in state court in which plaintiff is involved. Plaintiff alleges that Birk, in her capacity as counsel to Judge Mahon, a state-court circuit judge,[2] made "false, incompetent statements about

---

[2] Plaintiff also sued Judge Mahon. *See* 3:23-cv-514-BJD-LLL.

the abilities of court administration." Doc. 1 at 3 ¶ 3. Specifically, plaintiff alleges that Judge Mahon should have dismissed a domestic relations matter because the case had been tried to conclusion, and returned plaintiff's minor child back to her custody; she also alleges that Birk gave incorrect advice to plaintiff regarding that issue:

> Mr. Mark Harrison Mahon was warned via e-mail and a hand-delivered copy of the e-mail that case #16-2022-DP-133-AXXX-MA was already tried and heard of in family court approximately two years ago. The case in 2021 was numbered 16-2021-DR-7467-FM division FM-D. Mr. Mark Harrison Mahon was advised to dismiss this case with prejudice and return minor child back to his biological mother or he would be sanctioned.

Doc. 1 at 3 ¶ 1. Plaintiff attached to her complaint Birk's letter advising her that Judge Mahon would not intervene in plaintiff's dependency case:

> Re: Inquiry to Chief Judge Mark H. Mahon
>
> Dear Ms. Mobley:
>
> Chief Judge Mark H. Mahon asked me to review your letter regarding your dependency case. As Chief Judge of this circuit, Chief Judge Mahon is responsible for the administration of the Fourth Judicial Circuit and the assignment of judges and magistrates. He does not have, however, the authority to change or reverse their judicial decisions or intercede in their cases.
>
> If a party is dissatisfied with a judge's ruling in their case or feels the judge's decision is incorrect legally or factually, I urge them to consult with an attorney for legal advice regarding options. Additionally, if a party to a case believes a judge's conduct was inappropriate or unprofessional, a complaint may be filed with the Florida Judicial

4

     Qualifications Commission, Post Office Box 14106, Tallahassee, Florida 32317.

Doc. 1-1 at 2. Plaintiff alleges this letter "clearly shows Defendant Birk's and Mr. Mahon's refusal to stop the numerous illegalities that this open dependency case has presented[,]" because "Defendant Birk has made false, incompetent statements about the abilities of court administration[,]" in violation of Florida Statutes §§ 784.05 (culpable negligence); 95.11(4)(a) (statute of limitations for actions founded on negligence); 836.01 (libel); the Florida Bar Rules and Regulations, and the Sixth Amendment to the U.S. Constitution. *Id.* at 2.

  Construed liberally, plaintiff complaint must be dismissed because it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 8. Plaintiff cites no authority that required Birk to take up her claim in the way she suggested; nor is any wrongdoing by Birk apparent from the facts as pled. *See Iqbal*, 556 U.S. at 678 ("complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"). Further, the only federal jurisdictional hook[3] is plaintiff's claim that Birk's conduct violated the Sixth Amendment;[4] but that claim

---

[3] Federal courts exercise subject matter jurisdiction either through 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity). *See Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) ("In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that arise under federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a).").

[4] The Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the state and district wherein

lacks merit because nothing filed suggests the underlying dependency action was a "criminal prosecution;" nor is there any allegation or factual basis for an inference that Birk acted as plaintiff's counsel in state court.

The Court also lacks authority to grant the other relief plaintiff seeks. Florida Statues § 836.01 "is a criminal statute that does not give rise to a civil cause of action." *Turner v. Charter Schs. USA, Inc.*, No. 18-24005-Civ, 2020 WL 620392, at *14 n. 14 (S.D. Fla. Jan. 14, 2020) (citing Fla. Stat. § 836.01) ("Any person convicted of the publication of libel shall be guilty of a misdemeanor in the first degree[.]"). And Florida Statutes § 784.05, in relevant part, renders it a crime for someone to "through culpable negligence," to "expose[] another person to personal injury," or "inflict[] actual personal injury on another." Fla. Stat. §§ 784.05(1), (2). The Court has no authority to file these criminal charges. "It is well established that private citizens can neither bring a direct criminal action against another person nor can they petition the federal courts to compel the criminal prosecution of another person." *Thompson v. Sarasota Cnty. Police Dep't*, No. 8:09-cv-585-T-30TBM, 2009 WL 1850314, at *2 (M.D. Fla. June 26, 2009) (additional citations and quotation omitted).

---

the crime shall have been committed, . . . and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against [her]; to have compulsory process for obtaining witnesses in his favor, and to have the assistance of counsel for [her] defen[se]. U.S. CONST. amend. VI.

Additionally, because plaintiff now asks the Court to dismiss her dependency case with prejudice, order her minor child to be returned to her, and dismiss the "retaliatory administrative order that Judge Mahon administered,"[5] it appears plaintiff is suing Birk as a means to undo the actions in a state-court proceeding, which is improper under the *Rooker-Feldman* doctrine.[6] The *Rooker-Feldman* doctrine is a jurisdictional rule that "precludes lower federal court jurisdiction over claims seeking review of state court judgments . . . [because] no matter how erroneous or unconstitutional the state court judgment may be, the Supreme Court of the United States is the only federal court that could have jurisdiction to review a state court judgment. Thus, if a claim is barred by the *Rooker-Feldman* doctrine, a federal court lacks subject matter jurisdiction over the case." *Brokaw v. Weaver*, 305 F.3d 660, 664 (7th Cir. 2002) (quotation and citation omitted).

And the *Younger* abstention doctrine prevents federal courts from engaging in "undue interference with state proceedings." *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 359 (1989) (citing *Younger v. Harris*, 401 U.S. 37, 45 (1971)). To determine whether *Younger* abstention applies, a court must consider: (1) whether the proceedings constitute an ongoing state judicial proceeding; (2) whether the

---

[5] *See* doc. 1 at 4.

[6] *See Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-83 (1983).

7

proceedings implicate important state interests; and (3) if there is an adequate opportunity in the state proceedings to raise constitutional challenges. *Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1261 (11th Cir. 1997) (quoting *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "[P]laintiffs have the burden of establishing that the state court proceedings do not provide an adequate remedy for their federal claims." *31 Foster Child. v. Bush*, 329 F.3d 1255, 1279 (11th Cir. 2003) (citation omitted).

Granting plaintiff the relief she requests would require the Court to essentially sit as an appellate court over the state court's judgment and, if plaintiff prevailed, the claim would effectively nullify a state court's decision; as noted above this would be barred by the *Rooker-Feldman* doctrine. *King v. Fla. Dep't of Child. and Fams.*, 6:23-cv-465-CEM-LHP, 2023 WL 3456927, at *2 (M.D. Fla. Apr. 24, 2023) ("[T]o the extent that [p]laintiff is seeking the return of her children in contravention of a state court custody order, it would appear the [c]ourt lacks jurisdiction to order such relief under the *Rooker-Feldman* doctrine.") (collecting cases).

To the extent that plaintiff is asking the Court to intervene in an ongoing state court proceeding, the Court should abstain under *Younger*. *31 Foster Child.*, 329 F.3d at 1279 ("To say the least, taking the responsibility for a state's child dependency proceedings away from state courts and putting it under federal court control constitutes federal court oversight of state court operations, even if not framed as direct

review of state court judgments that is problematic, calling for *Younger* abstention.") (citation and quotation omitted). This result follows other courts in the Middle District of Florida who have found that federal district courts lack jurisdiction to return a plaintiff's children in contravention of a state custody order. *See King*, 2023 WL 3456927, at *3 (collecting cases).[7]

## Recommendation

I respectfully **recommend** that this action be **dismissed**,[8] all pending motions be **terminated,** and the Clerk directed to **close** the file.

**Entered** in Jacksonville, Florida, on October 20, 2023.

LAURA LOTHMAN LAMBERT
United States Magistrate Judge

---

[7] Birk may also be immune from suit because the conduct plaintiff identifies arguably qualifies as a judicial activity. "Absolute judicial immunity extends not only to judges, but to other persons whose 'official duties have an integral relationship with judicial process.'" *Jallali v. Florida*, 404 F. App'x 455, (11th Cir. 2010) (quoting *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994)).

[8] I find justice does not require plaintiff be granted leave to amend the complaint. *See Mobley v. Harris*, No. 3:23-cv-519-TJC-PDB, doc. 18 (summarizing plaintiff's lawsuits and explaining that "[t]he Court has repeatedly explained the bases for federal court jurisdiction and pleading requirements, explained the impropriety of Mobley's various requests, and directed Mobley to resources for unrepresented litigants. Ignoring all of this Mobley continues to file meritless complaints, motions, and other documents.").

**Notice**

Plaintiff has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). "Within 14 days after being served with a copy of [a report and recommendation on a dispositive issue], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id*. A party's failure to serve and file specific objections to the proposed findings and recommendations changes the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Order (Doc. No. 3), No. 8:20-mc-100-SDM, entered October 29, 2020, at 6.

c:
The Honorable Marcia Morales Howard
Victoria Mobley, pro se plaintiff
1601-1 North Main Street Unit #13214
Jacksonville, Florida 32206